IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gary Steven Scott, | ) | Case No.: 6:22-cv-01811-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| LeVern Cohen, Dr. Alden, Trenton Smith, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation") (DE 8), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] On June 8, 2022, Plaintiff Gary Steven Scott ("Plaintiff" or "Scott"), a state prisoner, proceeding *pro se*, brought this action against LeVern Cohen, Dr. Alden, and Trenton Smith (collectively "Defendants"), alleging violations of his Eighth Amendment Rights. (DE 1.) Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (DE 2.) Nonetheless, Scott is a prisoner under the definition of 28 U.S.C. § 1915A(c), and he "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Consequently, even if Scott had prepaid the full filing fee, the court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

immune from such relief. 28 U.S.C. § 1915A.  Accordingly, the magistrate judge conducted a pre-screening of this matter and, on June 21, 2022, issued the Report recommending denial of Plaintiff's Motion for Leave to Proceed in forma pauperis (DE 2) because Plaintiff has received more than three strikes pursuant to 28 U.S.C. § 1915(g).[2]

On July 11, 2022, Plaintiff filed an objection to the Report.  (DE 10.)  However, to be actionable, objections to a report and recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object."  Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court *is not required to give any explanation* for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds many of Plaintiff's objections are non-specific or unrelated to the dispositive and/or at the heart of disputed portions of the Report.  Plaintiff makes a single objection relating to the dispositive issue addressed in the Report – that he only has one strike

---

[2] The "three strikes" rule of the Prisoner Litigation Reform Act provides: "[i]n **no event shall** a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphasis added).

pursuant to 28 U.S.C. 1915(g).  (DE 10.)  However, the Report comprehensively and accurately addresses the issue and establishes that Plaintiff has three strikes pursuant to 28 U.S.C. 1915(g).[3]

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (DE 2) is denied. Plaintiff is provided twenty-one (21) days to pay the filing fee, or the case will be dismissed.

**IT IS SO ORDERED.**

s/Joseph Dawson, III
Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 18, 2022

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] The magistrate judge identified the following previous actions by the Plaintiff that count as "strikes" under 28 U.S.C. 1915(g): Scott v. Stirling, et al., C/A No. 6:20-cv-03343-RMG, 2020 WL 7711350 (D.S.C. Dec. 29, 2020) (dismissed for failure to state a claim); Scott v. S.C. Dep't of Corrs. et al., C/A No. 6:14-cv-04175-RMG (D.S.C. Jan. 16, 2015) (dismissed for failure to state a claim); Scott v. Condon, et al., C/A No. 4:01-cv-02901-CWH, at DE 6 (D.S.C. Oct. 28, 2003) (dismissed as frivolous and specifically designated a "strike"); Scott v. Abraham, et al., C/A No. 9:01-cv-02147-CWH, at DE 70 (D.S.C. Oct. 24, 2003) (dismissed and specifically designated a "strike").  (DE 8, p. 3.)